UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROSA LOPEZ, on behalf of herself and others similarly situated,

    Plaintiff,

v.

BURGER MAKER, INC., a Foreign Corporation, and SCHWEID AND SONS SOUTH, LLC, a Georgia Limited Liability Company,

    Defendants.

Civil Action
File No. _____

**JURY TRIAL DEMANDED**

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROSA LOPEZ ("Lopez"), on behalf of herself and other current and former similarly situated employees who worked in positions titled as "Supervisor," by and through undersigned counsel, hereby file this Collective Action Complaint against Defendants, BURGER MAKER, INC., a Foreign Corporation, and SCHWEID AND SONS SOUTH, LLC, a Georgia Limited Liability Company (collectively referred to as "Defendants") and state as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself and other similarly situated current and former "Supervisors," including but not limited to "Grind Supervisors," of

Defendants who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§216(b), that they are entitled to: (i) unpaid wages from Defendants for overtime work for which they did not receive time and one-half overtime pay, as required by law, (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*; and (iii) declaratory relief pursuant to 28 U.S.C. §2201.

## JURISDICTION

2. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

3. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

4. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

5. Venue is proper in this Court because Defendants own and operate a production plant in College Park, Georgia within the District, one or more Plaintiffs, including but not limited to Lopez, reside in this District, and Defendants' management made the decisions about the compensation practices leading to the claims accruing herein within this District.

## PARTIES

6. At all times material to this Complaint, Lopez was a resident of East

Point, Georgia, and during multiple work weeks within the three (3) year statute of limitations period between January 2017 until July 2017, Lopez worked in the position entitled "Grind Supervisor" for Defendants at the production plant in College Park, Georgia.

7. Defendant, BURGER MAKER, INC., has at all times material to this Complaint been a Foreign Corporation located at 666 16th Street, Carlstadt, New Jersey 07072, and has been the parent and/or affiliate of Defendant, SCHWEID AND SONS SOUTH, LLC, a Georgia Limited Liability Company, with Defendants having processed meat products through its operations in New Jersey until approximately April 2017 when Defendants established an approximately 66,000 square foot production plant/facility located at 4280 Stacks Road, College Park, Georgia 30349.

8. Defendants, BURGER MAKER, INC. and SCHWEID AND SONS SOUTH, LLC, own and operate a meat processing and supply business that processes and supplies ground beef food products to restaurants, supermarkets, and other foodservice industry customers throughout the United States.

9. At all times material to this Complaint, Defendants, BURGER MAKER, INC. and SCHWEID AND SONS SOUTH, LLC, were and continue to be engaged in business in Fulton County, Georgia.

10. At all times material to this Complaint, Defendants, BURGER MAKER, INC. and SCHWEID AND SONS SOUTH, LLC, have acted in the direct interest of

each other towards a collective interest and exercised common control over the terms and conditions of the employment of Lopez and other similarly situated Supervisors, however variously titled.  Alternately, Defendants, BURGER MAKER, INC. and SCHWEID AND SONS SOUTH, LLC, and each of their respective divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Lopez and the other similarly situated Supervisors, however variously titled, because each, respective division, subsidiary or affiliate acted directly or indirectly in the interest of the other in relation to such employee.  As a second alternative, Defendants, BURGER MAKER, INC. and SCHWEID AND SONS SOUTH, LLC, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Lopez and the other similarly situated Supervisors, however variously titled, because Defendants commonly controlled the terms of compensation and employment of Lopez and the other similarly situated Supervisors, however variously titled, and because Defendants are not completely disassociated with respect to the terms of compensation and employment of Lopez and the employees similarly situated to her.  As a final alternative, Defendants, BURGER MAKER, INC. and SCHWEID AND SONS SOUTH, LLC, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, directly or indirectly acted in the interest of an employer toward Lopez and the other similarly situated Supervisors, however variously titled,

at all material times to this Complaint, including without limitation directly or indirectly controlling the terms of employment and compensation of the employees. Accordingly, the relationship of Defendants, BURGER MAKER, INC. and SCHWEID AND SONS SOUTH, LLC, with respect to Lopez and other similarly situated Supervisors who have performed work for Defendants in one or more work weeks, during the three (3) year statute of limitations period between May 2015 and the present is that of employers and/or joint-employers under 29 U.S.C. §203(d).

11.     It is the intent of this collective action to apply to all similarly situated non-exempt Supervisors, however variously titled, of Defendants to whom Defendants have failed to pay time and one-half compensation as full and proper overtime premiums as required by the FLSA, regardless of location, within the three (3) year statute of limitations between May 2015 through the present.

## COVERAGE

12.     At all times material to this Complaint, Lopez was an "employee" of Defendants, BURGER MAKER, INC. and SCHWEID AND SONS SOUTH, LLC, within the meaning of the FLSA.

13.     At all times material hereto, Defendants, BURGER MAKER, INC. and SCHWEID AND SONS SOUTH, LLC, have been an employer of Lopez and the other similarly situated Supervisors within the meaning of the FLSA, 29 U.S.C. §203(d).

14. Based upon information and belief, the annual gross sales volume of Defendants, BURGER MAKER, INC. and SCHWEID AND SONS SOUTH, LLC, has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years 2015, 2016, 2017, and 2018.

15. At all material times to this Complaint, Defendants, BURGER MAKER, INC. and SCHWEID AND SONS SOUTH, LLC, have maintained business operations in multiple states including but not limited to New Jersey and Georgia.

16. At all times material to this Complaint including but not necessarily limited to during the years 2015, 2016, 2017, and 2018, Defendants, BURGER MAKER, INC. and SCHWEID AND SONS SOUTH, LLC, have had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

17. At all times material to this Complaint including but not necessarily limited to during the years 2015, 2016, 2017, and 2018, Defendants, BURGER MAKER, INC. and SCHWEID AND SONS SOUTH, LLC, individually and/or collectively, have constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

## STATEMENT OF FACTS

18. Defendants own and operate a nationwide meat processing and supply business.

19. Lopez was employed by Defendants between approximately January 2017 until July 2017 as a "Grind Supervisor" at Defendants' production plant/facility in College Park, Georgia.

20. During numerous work weeks in the three (3) year statute of limitations period between approximately January 2017 and July 2017, Lopez worked in excess of forty (40) hours per workweek for Defendants without receiving time and one-half wages from Defendants for all of Plaintiff's actual hours worked in excess of forty (40) hours per week as required by the FLSA.

21. During Lopez's employment with Defendants between approximately January 2017 and July 2017, Defendants paid Lopez a salary for forty (40) hours of work per week without overtime compensation at the rate of time and one-half Plaintiff's applicable regular rate of pay for all of her actual hours worked in excess of forty (40) hours per week for Defendants.

22. Between approximately January 2017 and July 2017, Lopez's primary duties while in the position entitled "Grind Supervisor" at Defendants' College Park, Georgia plant consisted of the following non-exempt tasks: operating machines to mix and blend meat, packaging meat, cleaning the floor, and turning on and off machines, all pursuant to procedures and guidelines established by Defendants.

23. The primary job duties performed by Lopez and the other similarly situated Supervisors, however variously titled, for Defendants *did not* involve the

exercise of discretion and independent judgment nor were their duties administrative support for Defendants' back-of-the house general business operations. To the contrary, Lopez and the other similarly situated Supervisors of Defendants are part of the very production workers who provided the core services in Defendants' meat processing business.

24. Regardless of the job title, throughout their employment with Defendants, Lopez and those Supervisors similarly situated to her had primary job duties that were similar and non-exempt in nature.

25. Regardless of the location or area of Defendants' plant-facilities to which Defendants assigned them to work, throughout their employment with Defendants during numerous work weeks within the three (3) year statute of limitations period between May 2015 and the present, Lopez and those Supervisors similarly situated to her performed similar job duties.

26. Lopez, and the Supervisors similarly situated to her, routinely worked in excess of forty (40) hours per week as part of their regular job duties for Defendants during numerous work weeks within the three (3) year statute of limitations period between May 2015 and the present.

27. Despite regularly working more than forty (40) hours per week, at all job sites intended to be included in this collective action in both Georgia and New Jersey, Defendants failed to pay Lopez and the other similarly situated Supervisors overtime

compensation at a rate of time and a half their regular rate of pay for all hours worked over Forty (40) in a workweek during the three (3) year statute of limitations period through the present.

28.  During the three (3) year statute of limitations period between May 2015 and the present, Defendants misclassified Lopez and the other Supervisors similarly situated to her as "exempt" from the overtime compensation requirements of the FLSA despite their primary job duties being non-exempt in nature and not involving the exercise of discretion and independent judgment, nor were Lopez's or other similarly situated Supervisor's primary duties administrative support for Defendants' back-of-the-house general business operations.

29.  Rather, the primary duties carried out by Lopez and other similarly situated Supervisors at Defendants' plant-facilities included performing the same production duties as Defendants' hourly, non-exempt employees.

30.  Likewise, the primary duties and work performed by Lopez and the other similarly situated Supervisors for Defendants required little skill and no capital investment, as these duties *did not* substantially include managerial responsibilities or the exercise of independent judgment.

31.  Instead, Lopez and the other similarly situated Supervisors devoted the majority of their time working for Defendants to ministerial tasks and manual labor

identical to non-exempt positions in the plant-facilities, including, for example, hourly employees.

32.   Finally, the primary duties of Lopez and the other similarly situated Supervisors for Defendants *was not* management of the plant, as Lopez and the other Supervisors had virtually no involvement in or authority for interviewing, hiring, disciplining, and/or firing employees for Defendants.

33.   At all times material to this Complaint throughout the three (3) year statute of limitations period between May 2015 and the present, Defendants failed to comply with the record keeping requirements of the FLSA by, *inter alia*, failing to maintain contemporaneous, accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Lopez and the other similarly situated Supervisors as required by the FLSA; and failing to pay overtime compensation for all of the actual hours worked in excess of forty (40) hours per week by Plaintiff for each week between January 2017 and June 2017.

34.   Despite the record keeping requirements of the FLSA, 29 C.F.R. §§516.2, 516.6, Defendants have failed to maintain records of the actual start times, actual stop times, actual hours worked each day, and total hours actually worked each week by Lopez and other similarly situated Supervisors for Defendants for each and every work week during the three (3) year statute of limitations period between May 2015 and the present.

35. Based upon information and belief, it has been Defendants' uniform policy and procedure not to pay Supervisors, however variously titled, overtime compensation at the rate of time and one-half their applicable regular rates of pay for all hours worked in excess of forty (40) hours per week during the three (3) year statute of limitations period between May 2015 and the present.

36. Pursuant to a centralized, company-wide policy, pattern, and/or practice, Defendants have misclassified Supervisors, however variously titled, as exempt from the overtime provisions of the FLSA.

37. Defendants' policy or practice was applicable to Lopez and the class of similarly situated Supervisors. Application of this policy or practice does/did not depend on the personal circumstances of Lopez or any other Plaintiff joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime wages to Lopez applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **"All employees of Defendants who have worked within the three (3) year statute of limitations period between May 2015 and the present in any "Supervisor" position, however variously titled, throughout the United States who were not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in one or more workweeks during the limitations period."**

38. At all times material to this Complaint, Defendants had knowledge of the hours worked in excess of forty (40) hours per week by Lopez and the other similarly situated Supervisors as non-exempt employees for the benefit of Defendants but

Defendants nonetheless willfully failed to compensate Lopez and the other Supervisors for their overtime hours, instead accepting the benefits of their work without the overtime compensation required by the FLSA.

39. Defendants' unlawful conduct, as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by knowingly violating the FLSA.

40. The complete records concerning the compensation actually paid by Defendants to Lopez and the other similarly situated Supervisors during the three (3) year statute of limitations period between May 2015 and the present are in the possession, custody, and/or control of Defendants.

41. Defendants have violated 29 U.S.C. §207 during the three (3) year statute of limitations period between May 2015 through the present, in that:

    a. Lopez and other Supervisors worked in excess of Forty (40) hours per week during numerous work weeks for Defendants;

    b. No payments, or insufficient payments and/or provisions for payment, have been made by Defendants to properly compensate Lopez and other Supervisors at the statutory rate of one and one-half times their applicable regular rates for those hours worked in excess of Forty (40) hours per work week as provided by the FLSA; and

    c.  Defendants have failed to maintain all of the time records required by the FLSA.

42. Plaintiff has retained the law firms of Buckley Beal, LLP and Keith M. Stern, P.A. to represent her in this case and has agreed to pay the firms a reasonable fee for their services.

## COUNT I:  OVERTIME VIOLATIONS
## OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §207

43. Lopez realleges and incorporates paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44. Between approximately January 2017 and July 2017, Lopez regularly worked in excess of forty (40) hours per week for Defendants but was not compensated at the statutory rate of one and one-half times her applicable regular rate(s) of pay for all of the hours she worked in excess of forty (40) hour per week.

45. Lopez and the other Supervisors similarly situated to her, however variously titled, of Defendants between May 2015 and the present are entitled to be paid at the statutory rate of one and one-half times their applicable regular rates of pay for all hours worked in excess of forty (40) hours in a work week for Defendants.

46. At all times material to this Complaint, Defendants have failed, and continue to fail, to maintain the time records required by the FLSA for Lopez and all of the Supervisors similarly situated to her for each and every work week during the three (3) year statute of limitations period between May 2015 and the present.

47. Likewise, Defendants also continue to fail to pay all of their Supervisors, however variously titled, the overtime wages required by the FLSA despite the fact that these employees are non-exempt and entitled to overtime compensation under the FLSA.

48. Defendants' actions are willful and show a reckless disregard for the provisions of the FLSA as evidenced by Defendants' continued failure to compensate all non-exempt Supervisors at the statutory rate of one and one-half times their applicable regular rates of pay for all hours worked in excess of forty (40) hours per week between May 2015 and the present.

49. At all times material to this Complaint, Defendants had constructive knowledge and/or actual notice that Defendants' compensation practices did not provide Lopez and the other Supervisors similarly situated to her with time and one-half wages for all of their actual overtime hours worked during numerous work weeks in the three (3) year statute of limitations period between May 2015 and the present based upon, among other things, Defendants failing to maintain accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Lopez and other similarly situated Supervisors; and Defendants failing to pay overtime compensation for all of the actual hours worked in excess of forty (40) hours per week by Lopez and the other Supervisors similarly situated to her.

50. Due to the intentional, willful, and unlawful acts of Defendants, Lopez

and the other similarly situated Supervisors, however variously titled, have suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

52. Lopez and the other similarly situated Supervisors of Defendants who join this case are entitled to an award of reasonable attorneys' fees and costs from Defendants pursuant to 29 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, ROSA LOPEZ, on behalf of herself and all other similarly situated Collective Action Members respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated Supervisors of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing the Named Plaintiff and the undersigned counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An injunction against the Defendants and their officers, agents, successors,

employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.  An award of unpaid wages and overtime compensation due under the FLSA;

e.  An award of liquidated damages as a result of Defendants' willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216;

f.  An award of prejudgment and post judgment interest;

g.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Respectfully submitted on this 14th day of May, 2018.

> By:  *s/Rachel Berlin*
> Rachel E. Berlin
> rberlin@buckleybeal.com
> Georgia Bar No 707419
> BUCKLEY BEAL, LLP
> 1230 Peachtree Street, NE
> Suite 900
> Atlanta, Georgia 30309
> Telephone:  (404) 781-1100
> Facsimile:  (404) 781-1101

<u>s/Keith M. Stern</u>*
Keith M. Stern
Florida Bar No. 321000
employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
One Flagler
14 NE 1st Avenue, Suite 800
Miami, Florida 33132
Telephone:  (305) 901-1379
Facsimile:  (561) 288-9031

*Motion to Admit *Pro Hac Vice* to be filed

*Attorneys for Plaintiff*