# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ROSA LOPEZ, on behalf of herself and others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 1:18-CV-02127-MLB |
| v. ) ) | |
| BURGER MAKER, INC., a Foreign Corporation, and SCHWEID AND SONS SOUTH, LLC, a Georgia Limited Liability Company, ) ) ) ) ) | |
| Defendants. ) | |

## JOINT MOTION FOR COURT APPROVAL
## OF FLSA SETTLEMENT AND RELEASE AGREEMENT

COME NOW, all of the parties herein, and hereby file this Joint Motion For Court Approval Of FLSA Settlement And Release Agreement.

### I.   INTRODUCTION

Plaintiff filed this lawsuit on May 14, 2018 as a purported collective action alleging claims for unpaid wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (Doc. 1.). Over the past seven (7) months, the parties engaged in arms-length settlement negotiations through their respective counsel. After exchanging information relevant to this case, the parties were able to assess the potential for liability and damages, as well as the potential defenses available

- 1 -

to the Defendants, and reached an agreement to resolve this matter based on their understanding of the potential risks and rewards of proceeding to trial. Having reached an agreement to settle this dispute, the parties respectfully request that the Court review the terms of the FLSA Settlement and Release Agreement attached hereto as Exhibit A ("Settlement Agreement") and grant the proposed Order approving the Settlement Agreement pursuant to the standards set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

## II. MEMORANDUM OF LAW

The Parties request that the Court review and approve the Settlement Agreement so that the resolution of the FLSA claims asserted in this civil action will be in accordance with the Eleventh Circuit's requirement of judicial approval of the compromise and/or settlement of FLSA claims. *See Lynn's Food*, 679 F.2d 1350. In *Lynn's Food*, the Eleventh Circuit set forth two ways in which wage claims arising under the FLSA may be settled or compromised by employees: (1) through a payment through the Secretary of Labor, or (2) where the settlement has been reviewed and approved by a court presiding over a private lawsuit. *Id.*

When parties bring a proposed settlement of an FLSA claim before a court, the court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a *bona fide* dispute. *Id.* at 1354-55. If the settlement reflects "a reasonable

compromise over issues" such as FLSA coverage, potential liability, the availability of defenses, or the computation of back wages that are "actually in dispute" the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

The parties stipulate that they had a *bona fide* dispute and that the merits of the case have been highly contested from its inception. Here, Plaintiff has asserted in her Complaint a claim for alleged unpaid overtime wages in connection with her former employment with Schweid and Sons South, LLC. Plaintiff also has asserted a claim against Burger Maker, Inc. alleging that it also was her employer. The parties dispute Plaintiff's exemption status and whether Plaintiff was exempt from overtime wage requirements under the FLSA. The parties further dispute that, even if Plaintiff was not an exempt employee under the FLSA, whether and to what extent Plaintiff worked any unpaid overtime during her employment with Defendant. The parties also dispute whether liquidated damages are appropriate. Finally, the parties dispute whether the appropriate calculation for any alleged unpaid overtime is "half-time" of Plaintiff's "regular rate" or "time-and-a-half" of Plaintiff's "regular rate." Moreover, Defendant Burger Maker, Inc. strenuously denies that it is a proper party to this civil action or that it has any liability for Plaintiff's FLSA claims since it was

not at any time Plaintiff's employer and never at any time acted directly or indirectly in the interest of an employer in relation to Plaintiff. *See* 29 U.S.C. § 203(d).

Despite their disagreement over liability and the extent, if any, of recoverable damages, the parties agree that the settlement reached through their negotiations represent a reasonable compromise of their *bona fide* dispute. In discussing resolution of this matter, the parties discussed and took into consideration factors such as the amount of claimed damages, the evidence supporting their respective positions regarding liability and damages and Plaintiff's compensation level to determine the potential damages available to Plaintiff. While the parties still dispute liability and the extent, if any, of available damages, the parties were able to reach a compromise of their positions during settlement negotiations. The parties and their counsel agree that, based on all available evidence, the proposed settlement is within the range of potential damages that Plaintiff could recover at trial if she is successful.[1]

---

[1] The parties note that they have entered into a separate Settlement Agreement that includes a mutual release of claims as well as other provisions and is supported by separate and independent consideration in light of, *inter alia*, Plaintiff having previously asserted unrelated, alleged discrimination claims against Defendants in August 2017, for which the parties had separate proceedings.  The parties' separate Agreement contains a confidentiality provision, which expressly **does not** apply to the FLSA Settlement and Release Agreement in this matter and any claim released in this action.  Nonetheless, if the Court desires to review the parties' separate Agreement, the parties respectfully request that any such review be through an *in camera* inspection to preserve the confidential nature of that settlement.  Plaintiff has been represented by counsel regarding potential claims following her

### III.  CONCLUSION

The parties are resolving the matter in order to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation, and the settlement reflects a compromise of the disputed claims asserted by Plaintiff. The parties have been represented by counsel throughout the negotiation of the Settlement Agreement, and Plaintiff has voluntarily agreed to release all wage-related claims against Defendants in exchange for fair and reasonable consideration. Plaintiff's counsel and Defendants' counsel represent that the settlement entered into by the parties was an arms-length compromise, and there was no collusion with regard to the settlement of this matter. Counsel for all Parties agree that, in their respective opinions, the terms of the Settlement Agreement, including the settlement amounts and the amount of attorney's fees and costs, are fair and reasonable.

WHEREFORE, the parties respectfully request the Court grant the instant Joint Motion and approve the attached Settlement Agreement.  A proposed Order is attached for the Court's convenience.

---

termination from employment in June of 2017.  In addition to this FLSA lawsuit, Plaintiff filed administrative charges against Defendants.  In addition to the settlement of this FLSA suit, the parties desire a complete parting of ways.

Respectfully submitted this 18th day of December, 2018.

| | |
|---|---|
| **BUCKLEY BEAL, LLP** | **FREEMAN MATHIS & GARY, LLP** |
| *s/ Rachel E. Berlin* | *s/ Mary Anne Ackourey* |
| Rachel E. Berlin | Mary Anne Ackourey |
| Georgia Bar No 707419 | Georgia Bar No. 001555 |
| 1230 Peachtree Street, NE | Brenton S. Bean |
| Suite 900 | Georgia Bar No. 044351 |
| Atlanta, Georgia 30309 | Michael M. Hill |
| T: (404) 781-1100 | Georgia Bar No. 770486 |
| F: (404) 781-1101 | 100 Galleria Parkway, Suite 1600 |
| E: rberlin@buckleybeal.com | Atlanta, Georgia  30339-5948 |
| | T:  770.818.0000 |
| | F:  770.937.9960 |
| **LAW OFFICE OF KEITH M. STERN, P.A.** | E:  mackourey@fmglaw.com |
| | E:  bbean@fmglaw.com |
| | E:  mhill@fmglaw.com |
| *s/ Keith M. Stern* | |
| Keith M. Stern | *Counsel for Defendants* |
| Florida Bar No. 321000 | |
| One Flagler | |
| 14 NE 1st Avenue, Suite 800 | |
| Miami, Florida 33132 | |
| T: (305) 901-1379 | |
| F: (561) 288-9031 | |
| E: employlaw@keithstern.com | |

*Counsel for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing **JOINT MOTION FOR COURT APPROVAL OF FLSA SETTLEMENT AND RELEASE AGREEMENT** has been prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman type face.

This 18th day of December, 2018.

*s/ Mary Anne Ackourey*
Mary Anne Ackourey
Georgia Bar No. 001555

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the within and foregoing **JOINT MOTION FOR COURT APPROVAL OF FLSA SETTLEMENT AND RELEASE AGREEMENT** to the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to the following attorney of record who is a CM/ECF participant:

| | |
|---|---|
| Rachel E. Berlin | Keith M. Stern |
| Buckley Beal, LLP | Law Office of Keith M. Stern, P.A. |
| 1230 Peachtree Street, NE | One Flagler |
| Suite 900 | 14 NE 1st Avenue, Suite 800 |
| Atlanta, Georgia 30309 | Miami, Florida 33132 |

This 18th day of December, 2018.

*s/ Mary Anne Ackourey*
Mary Anne Ackourey
Georgia Bar No. 001555